IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| JIMMY HERMAN JONES,<br><br>                Petitioner<br><br>VS.<br><br>HILTON HALL, WARDEN,<br><br>                Respondent | NO. 5:05-CV-291 (WDO)<br><br>PROCEEDING UNDER 28 U.S.C. §2254<br>BEFORE THE U.S. MAGISTRATE JUDGE |

## **RECOMMENDATION**

Petitioner JIMMY HERMAN JONES has filed a petition herein seeking federal habeas corpus relief. Tab #1. Respondents HILTON HALL, Warden of Macon State Prison, has filed a motion to dismiss this petition for lack of exhaustion of state remedies as required by law. Tab #5. Petitioner JONES has filed his response to the respondent's motion. Tabs #12 and #13.

28 U.S.C. §2254(b)(1) and (c) provide as follows:

*(b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that-*

    *(A) the applicant has exhausted the remedies available in the court of the State; or,*

    *(B) (i) there is an absence of available state corrective process; or,*
    *(ii) circumstances exist that render such process ineffective to protect the rights of the applicant.*

*(c) An applicant shall not be deemed to have exhausted the remedies available in the court of the State, within the meaning of this section, if he has the right under the law of the state to raise, by any available procedure, the question presented.*

The respondent argues that petitioner's claims should be dismissed because they are currently *pending* in the state court for review. Tab #5.  In response to the respondent's motion, petitioner argues that he is not challenging his conviction but his motion to correct a void sentence which he claims is exhausted. Tabs #12 and #13.  However, a review of the file in the present case shows that even if petitioner is contesting the denial of his motion to correct a void sentence, said motion is not exhausted for the purposes of federal habeas review as petitioner admits that a certificate of probable cause is currently pending before the Georgia Supreme Court.  Accordingly, his petition unexhausted for the purposes of federal review.

In light of the foregoing, IT IS RECOMMENDED that the respondent's **MOTION TO DISMISS** (Tab #5) be **GRANTED** and that the petitioner's application for a federal writ of habeas corpus be **DISMISSED** *without prejudice*.[1]  Petitioner may refile his federal habeas corpus petition once he has exhausted his state remedies, *provided* all other requirements of law have been satisfied.

Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to this recommendation with the district judge to whom this case is assigned, WITHIN TEN (10) DAYS after being served with a copy thereof.

The Clerk is directed to serve the petitioner at the **LAST ADDRESS** provided by him.

SO RECOMMENDED, this 15th day of DECEMBER, 2005.



                CLAUDE W. HICKS, JR.
                UNITED STATES MAGISTRATE JUDGE

---

[1] Dismissals of federal habeas corpus petitions for lack of exhaustion of state remedies are always without prejudice.